NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0147n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 16, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| DARIN ROBINSON, | ) | |
| | ) | MEMORANDUM |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

BEFORE: KEITH, McKEAGUE, and KETHLEDGE, Circuit Judges.

PER CURIAM. Defendant Darin Robinson was convicted in a bench trial of one count of conspiring to possess with intent to distribute 100 kilograms or more of marijuana. Bound by the applicable statutory mandatory minimum sentence, the district court sentenced Robinson to a 60-month term of imprisonment. Robinson raises two issues on appeal, contending (1) the district court erred in denying his pretrial motion to suppress evidence seized during a traffic stop; and (2) the verdict is supported by insufficient evidence. On due consideration, we find no error.

**I**

On September 6, 2009, defendant Robinson was a passenger in the sleeper cab of a semi-truck tractor-trailer then being driven by his partner (and co-defendant) Frederick Ross, when it was pulled over by the police on I-96 in the City of Livonia, Michigan (just west of Detroit).

Robinson and Ross co-owned the truck, although it was registered in Robinson's wife's name. Hired by Logistics, Inc. as independent contractors, Robinson and Ross were in the process of transporting a load of shelving units from New Mexico to their destination in Kansas. Yet, when they were stopped in Livonia, their load of shelving units had not been delivered. The traffic stop, for a moving violation, led to a consensual search of the truck and trailer, which yielded discovery of some 477 lbs. of marijuana concealed among the shelving units.

Robinson and Ross were charged in the Eastern District of Michigan with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. Defendants moved the district court to suppress evidence, contending the traffic stop and subsequent search were unlawful. After the district court denied their motion, Ross pled guilty and was sentenced to 18 months in prison. Robinson proceeded to a bench trial in September 2014 and defended on the basis that he neither knew about the marijuana nor joined the conspiracy. He was found guilty and sentenced to 60 months in prison.

**II**

As to the denial of the motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Scott*, 693 F.3d 715, 718 (6th Cir. 2012). We review the record evidence in the light most supportive of the district court's ruling and will find error only if we have a definite and firm conviction that a mistake has been committed. *United States v. Adams*, 583 F.3d 457, 463 (6th Cir. 2009).

The district court conducted an evidentiary hearing on the motion, after which it received supplemental briefing. The court memorialized its ruling in a 13-page opinion. R. 43, Order, Page ID 330. In concluding there was probable cause to believe a traffic violation had occurred, the district court credited the officers' testimony that they observed the truck cross over the lane

boundary markings multiple times. Our review of the suppression hearing record confirms that this finding is not clearly erroneous.

Robinson maintains, however, that even if the officers' testimony is accepted as true, such an observation is insufficient to make out probable cause justifying the stop. In support, he cites *United States v. Gross*, 550 F.3d 578, 583–84 (6th Cir. 2008), and *United States v. Freeman*, 209 F.3d 464, 465–66 (6th Cir. 2000). The district court distinguished both *Gross* and *Freeman* on the basis that the instant traffic stop was preceded by observation of multiple lane violations, not just a single infraction. R. 43, Order at 5–8, Page ID 334–37. The district court recognized that the officers' account was not uncontroverted, but accepted their testimony as sufficient to support probable cause, citing *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) (noting that something more than mere suspicion, but less than prima facie proof, of any infraction, no matter how slight, is sufficient to establish probable cause). The district court's analysis of the record and the governing case law is well explained and well reasoned. We find no error. We need not recapitulate the district court's reasoning, but uphold the denial of the suppression motion for the reasons set forth in its opinion.

### III

Robinson's sufficiency-of-the-evidence challenge is also subject to deferential review. We are not to weigh the evidence, assess the credibility of the witnesses or substitute our judgment for that of the trier of fact. *United States v. Smith*, 749 F.3d 465, 477 (6th Cir. 2014). Instead, we must draw all available inferences and resolve all issues of credibility in favor of the verdict. *Id.* "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

Robinson contends the record is devoid of sufficient evidence that he knew about Ross's drug-trafficking purpose and consciously committed himself to the furtherance of that purpose. These are two essential elements of the charged conspiracy that Robinson says the government failed to prove. *See United States v. Collins*, 799 F.3d 554, 589 (6th Cir. 2015) (identifying elements of drug trafficking conspiracy as (1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy). He maintains the government showed only that he was merely present in the truck where the marijuana was found and this is not enough, citing *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994).

As we assess the sufficiency of the record evidence, we have the benefit of the district court's 25-page opinion. R. 76, Verdict, Page ID 554. There's no need to suppose or speculate about whether and how "any rational trier of fact" could have viewed the evidence as supporting the verdict; the court's analysis of the evidence is explained in great detail and clarity.

The district court recognized that Robinson's mere presence in the truck was not enough and that the government's case was based largely on circumstantial evidence. But the court also recognized that the existence of a conspiracy can be established through circumstantial evidence of a "tacit or mutual understanding among the parties," as can a defendant's knowledge of and participation in the conspiracy. *Id.* at 18–19, Page ID 571–72 (citing *United States v. Caver*, 470 F.3d 220, 233 (6th Cir. 2006); *United States v. Salgado*, 250 F.3d 438, 446–47 (6th Cir. 2001)). The court went on to explain how "the Government's circumstantial evidence and the inferences drawn from Robinson's conduct establish conclusive proof of his knowledge and participation in the drug conspiracy." *Id.* at 20–21, Page ID 573–74. Robinson's testimony was an attempt to

rebut such inferences, but the court, having ample opportunity to assess credibility, refused to credit it as truthful. The court carefully considered Robinson's various explanations for his conduct and gave specific reasons for finding them "specious . . . implausible . . . self-interested . . . inconceivable . . . unconvincing." *Id.* at 22–24, Page ID 575–77.

Robinson insists the evidence does not prove his knowledge or intent to join the conspiracy. However, "once the existence of a conspiracy is shown, the evidence linking an individual defendant to it need only be slight." *Caver*, 470 F.3d at 233. And the evidence need not remove every reasonable hypothesis but guilt to be held sufficient to sustain the verdict. *United States v. Ramirez*, 635 F.3d 249, 256 (6th Cir. 2011). On due consideration of the record, we cannot say the district court's assessment of the evidence is irrational. Rather, the court's analysis appears in all respects to be careful and fairminded. We find the verdict adequately supported by the evidence and therefore uphold it.

**IV**

Accordingly, the judgment of the district court is **AFFIRMED.**